IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

James T. Foley,                              )
                                             )
                              Plaintiff,     )        Case No. 08 C 7254
            v.                               )
                                             )        Judge Virginia M. Kendall
Yacht Management Group, Inc., Samir Jaber    )
and Yale Turner,                             )
                                             )
                              Defendants.    )
                                             )

## MEMORANDUM OPINION AND ORDER

Plaintiff James T. Foley ("Foley") filed suit alleging breach of contract by Defendants Yale Turner ("Turner"), Samir Jaber ("Jaber") and Yacht Management Group, Inc. ("Yacht Group"). Turner filed a Motion to Dismiss for Improper Venue. For the following reasons, Defendant Turner's Motion is granted.

As a preliminary matter, although Turner framed the instant motion as a Motion to Dismiss for Improper Venue, Turner's pro se motion actually identifies issues related to personal jurisdiction. Since personal jurisdiction is required in order for the venue to be proper, this Court will first address the issue of personal jurisdiction. *See e.g., Greenberg v. Miami Children's Hosp. Research Institute, Inc.,* 208 F.Supp.2d 918, 928 (N.D.Ill. 2002) (addressing the issue of personal jurisdiction before making any venue analysis).

## PLAINTIFF'S ALLEGATIONS

Foley alleges that Turner, Jaber and Yacht Group breached a contract by failing to complete the sale of a yacht that Foley attempted to purchase on the international auction website eBay.

Compl. at ¶¶ 8, 19. Foley is a resident of Illinois. *Id*. at ¶ 1. Turner is a resident of Massachusetts, Jaber is the President and Treasurer of the Defendant Yacht Group and is a resident of Massachusetts and Yacht Group is a corporation with its principal place of business in Massachusetts. *Id*. at ¶¶ 2, 4-5.

Turner employed Jaber and Yacht Group to sell a 1987 55' Hatteras Convertible Vessel named "Material Girls" by listing it for sale through a brokerage service. *Id*. at ¶ 8. On July 14, 2008, Foley traveled to Massachusetts to meet with Turner and view the yacht. Pl. Resp. 2. Foley and Turner discussed, hypothetically, the best route to move the boat to Chicago if Foley were to buy the boat. *Id*. No negotiations regarding the purchase of the yacht occurred during the visit. *Id.*

The Defendants listed the Material Girls for auction on the international auction site eBay on November 13, 2008. Compl. at ¶ 10. On that same day, Turner emailed and called Foley, who was in Chicago, Illinois at the time, to inform him that the boat was listed "on eBay if [he] wanted to bid." *Id.* The auction included a "reserve price" which means that the sale would only have been completed if the highest bid met a pre-set minimum dollar amount. *Id.* On November 21, 2008, Foley was the highest bidder on this auction, but the amount that Foley bid did not meet the reserve price. *Id.* For that reason, the sale was not completed. *Id.*

On or about November 28, 2008, the Defendants listed the boat for auction on eBay again. *Id*. at ¶ 15. This time, the Defendants set the opening bid at $100,000.00 and did not require the highest bidder to meet a reserve price. *Id.* When the sale ended on December 4, 2008, Foley's bid of $135,100.00 was the highest. *Id.* On that day, Foley received an email from eBay confirming that he was the winning bidder. *Id*. ¶ 17. Under the terms of sale, a $2,000.00 deposit was due

within 24 hours of the close of the auction; so Foley payed that $2,000.00 deposit through the internet monetary transfer service PAYPAL. *Id*. at ¶ 16. Soon thereafter the Defendants refused to accept the deposit and returned the $2,000.00 to Foley. Pl. Resp. 4.

On December 6, 2008, Foley sent a letter via fax and U.S. mail to Turner, Jaber, and Yacht Group expressing his intention to complete the sale. Compl. at ¶ 18. Although Turner called Foley on December 6, 2008, the sale of the boat was never completed. Pl. Resp. 4.

## DISCUSSION

Foley bears the burden of showing that this Court has personal jurisdiction over Turner. *See RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997). Foley need only make a *prima facie* showing of jurisdiction. *See Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.,* 15 F.3d 721, 724-25 (7th Cir. 1994). When ruling on a motion to dismiss for lack of personal jurisdiction, the Court may consider written materials submitted by the parties and the Court resolves all factual disputes in Foley's favor. *See Nelson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir. 1983).

A federal court sitting in diversity jurisdiction has personal jurisdiction only if a court in the state in which it sits would have jurisdiction. *See RAR,* 107 F.3d at 1275. The Illinois long-arm statute, applicable here, contains a "catch-all" provision that "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions." *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 714-15 (7th Cir. 2002) *citing* 735 ILCS 5/2-209(c). There is no "operative difference" between the limits imposed by the Illinois Constitution and the federal limits on personal jurisdiction. *See Hyatt,* 302 F.3d at 715 *citing RAR,* 107 F.3d at 1276. Accordingly, the personal jurisdiction analysis collapses into a federal due process inquiry. *See RAR,* 107 F.3d at 1276

3

(personal jurisdiction analysis collapses into due process inquiry); *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992) (inquiry into whether state statute grants personal jurisdiction over a defendant is "wholly unnecessary in the case of many modern state statutes which include catch-all provisions").

The federal due process test for personal jurisdiction may be met by demonstrating "general" or "specific" jurisdiction. *See Hyatt*, 302 F.3d at 713. General jurisdiction exists if the defendant has "continuous and systematic general business contacts" with the forum state. *See Purdue Res. Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 787 (7th Cir. 2003). Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to a defendant's contacts with the forum state. *See RAR*, 107 F.3d at 1272. Foley does not assert that Turner is subject to general jurisdiction. As such, this Court considers only specific jurisdiction.

In determining whether specific jurisdiction exists, the Court examines whether it is "fundamentally fair" to require Turner to submit to jurisdiction with "respect to this litigation." *See Purdue*, 338 F.3d at 780 *citing World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980). This Court may exercise personal jurisdiction over Turner, a non-resident defendant, only if he has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Hyatt*, 302 F.3d at 716. The notions of fair play and substantial justice are not offended if Turner "purposefully avail[ed] [himself] of the privilege of conducting activities" in Illinois. *RAR*, 107 F.3d at 1277 *quoting Burger King*, 471 U.S. at 474-75. This inquiry focuses on foreseeability, that is, whether the defendant could have been anticipated being brought to court in Illinois in the matter at issue. *See Purdue*, 338 F.3d at 780.

In making this determination, the Court examines whether a defendant deliberately engaged in significant activities or created continuing obligations within the forum state. *See Id.* at 780-81.

This Circuit has not addressed the specific issue of personal jurisdiction over a defendant offering an item for internet auction on eBay. Courts in other circuits, however, that have "looked at the question of personal jurisdiction based on eBay transactions have uniformly held that the usual online auction process does not rise to the level of purposeful conduct required to assert specific jurisdiction." *See e.g. Action Tapes v. Weaver,* No. 3:05-1693-H, 2005 WL 3199706, at *3 (N.D.Tex. Nov. 23, 2005) (embroidery auctioned over ebay to Texas resident failed to rise to personal jurisdiction in Texas); *United Cutlery Corp. v. NFZ, Inc.,* No. 03-1723, 2003 WL 22851946, *2-5 (D.Md. December 1, 2003) (cutlery auctioned over internet and plaintiff seeking jurisdiction in Maryland brought no evidence of sale to a Maryland resident); *Winfield Collection, Ltd. v. McCauley,* 105 F.Supp.2d 746, 749 (E.D.Mich.2000) (crafts auctioned over eBay to Michigan resident failed to provide personal jurisdiction over Michigan defendant).[1]

---

[1]Courts in Illinois and in this Circuit have followed a sliding scale analysis to determine whether internet activity can create minimum contacts with a forum state to confer personal jurisdiction. *See e.g., George S. May Int'l Co. v. Xcentric Ventures, LLC,* 409 F.Supp.2d 1052, 1057-58 (N.D.Ill.2006); *Jackson v. Cal. Newspapers P'ship,* 406 F.Supp.2d 893, 897 (N.D.Ill.2005). This approach, first set out in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997), "measures the likelihood that personal jurisdiction can be constitutionally exercised by the nature and quality of commercial activity that an entity conducts over the internet." In applying the *Zippo* test, courts look to the "nature and quality of commercial activity that an entity conducts over the Internet," dividing internet use into three categories. 952 F.Supp. at 1124. Where the defendant clearly does business over the Internet by contracting with residents of other states and knowingly and repeatedly transmitting computer files over the Internet, the exercise of personal jurisdiction is proper. *Id.* at 1125-26. Where the defendant maintains a web site that allows users to exchange information with a host computer, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information." *Id.* If the defendant merely advertises on the Internet by establishing a passive website, the exercise of personal jurisdiction is inappropriate. *Jennings v. A.C. Hydraulic,* 383 F.3d 546, 549-50 (7th Cir. 2004). The *Zippo* test, however, is generally applied to cases involving a defendant's conduct over its own

This Court agrees with other district courts that have examined the issue and finds that a seller of an item on eBay is not subject to specific personal jurisdiction in the state in which the eventual buyer resides without further ties to that jurisdiction. Sellers post items for auction on eBay and have no control over who ultimately wins the auction and purchases the item. As such, the seller does not purposefully direct conduct toward any particular forum and the process of an online auction does not rise to the level of purposeful availment or purposeful conduct directed at a forum state necessary to establish personal jurisdiction. Rather, the seller cannot choose who buys the item and where that person is located and the contact between the seller and buyer is the type of random, fortuitous, and attenuated contact that is excluded from the reach of personal jurisdiction. *See, e.g., Boschetto v. Hansing,* No. 06-1390, 2006 WL 1980383, at *4 (N.D.Cal. July 13, 2006) (identity of buyer is beyond the control of the seller); *Action Tapes*, 2005 WL 2199706, at * 3 (transaction is random in method of initiating sale and fortuity in determining buyer's identity); *United Cutlery*, 2003 WL 22851946, at * 4 (seller had no authority over auction website or audience targeted and intended to sell to highest bidder regardless of residence); *Winfield,* 105 F.Supp.2d at 749 (highest bidder permitted to purchase item and therefore choice of purchaser is outside of seller's control)..

---

website, not to a public auction site such as eBay. *See Action Tapes*, 2005 WL 3199706, at * 2 ("the *Zippo* standard has been applied by this Circuit only to defendants who own or exercise control over the site in question"; *McGuire v. Lavoie*, No. 03 C 0161, 2003 WL 23174753, *3 (N.D.Tex. Aug. 19, 2003) ("because the majority of cases applying the *Zippo* test involve a defendant's conduct over its own website, its application to an internet auction site is questionable"); *see also Winfield*, 105 F.Supp.2d at 750 (interactivity as applied to eBay does not imply anything regarding involvement with a state as a forum for business); *United Cutlery*, 2003 WL 22851946, at *4-5 (no discussion of *Zippo* test). This Court agrees that the *Zippo* test is not particularly helpful and thus should not be applied in the context of a public internet auction site. As such, the Court will apply a traditional analysis focusing on purposeful availment of a forum.

Foley argues that Turner purposefully availed himself of conducting business in Illinois by placing the Material Girls on eBay and then calling and emailing Foley, who Turner knew was a citizen of Illinois, to let him know that the yacht was posted on eBay. Foley correctly points out that Turner took action further than simply putting the Material Girls on eBay. Turner's phone call and email to Foley, however, do not render the analysis regarding personal jurisdiction over an eBay seller as discussed above inapplicable. To begin, a single phone call and email to a citizen of Illinois do not in themselves establish personal jurisdiction. *See Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 395 (7th Cir. 1994) ("making telephone calls...into the forum state" an insufficient basis for jurisdiction)*; Abbott Labs., Inc. v. Bio Valve Technologies, Inc.,* 543 F. Supp.2d 913, 921 (N.D.Ill. 2008) ("interstate telephone and mail communications to an Illinois plaintiff are not sufficient to support jurisdiction over a nonresident defendant"). More importantly, Turner's messages alerting Foley to the Material Girls presence on eBay do not change the fact that Turner, like any other seller on eBay, could not choose who actually won and purchased the item. Rather, the auction proceeded to its end and Foley happened to win. As such, Turner's business contact with Foley in Illinois remains random, fortuitous and attenuated and this Court does not have personal jurisdiction over him. *Compare McGuire v. Lavoie*, No. 03 C 0161, 2003 WL 23174753, *5-6 (N.D.Tex. Aug. 19, 2003) (defendant purposefully availed himself to privilege of doing business within forum state when defendant chose to stop online eBay auction and sell item directly to plaintiff).[2]

_____

[2] Additionally, Turner sent an email and placed a phone call to Foley only regarding the original November 13, 2008 auction wherein the reserve was not met. The transaction that gives rise to this lawsuit resulted from the later November 28, 2008 auction. Foley does not assert and the record does not indicate that Turner ever called or emailed Foley to inform him about the November 28, 2008 auction.

Accordingly, because this Court does not have personal jurisdiction over Turner, venue cannot be proper under § 1391(a). For the reasons stated here in, this Court grants Turners Motion to Dismiss. Because Turner motioned only on his own behalf, Foley's Complaint remains viable as to Jaber and Yacht Management Group.

So ordered.

_____

Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: July 9, 2009